IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACEY LEWIS<br><br>            Plaintiff,<br>    vs.<br><br>ACCOUNTS RECEIVABLE MANAGEMENT, INC.<br><br><br>            Defendant. | Civil Action No.<br><br>2:10-cv-02266-LDD |

**ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES BY DEFENDANT, ACCOUNTS RECEIVABLE MANAGEMENT, INC.**

NOW COMES Defendant, Accounts Receivable Management, Inc. ("ARM"), by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., and in answer to the Complaint of Plaintiff, Tracey Lewis, respectfully avers:

**ANSWER TO INTRODUCTION**

1.      Denied.  The allegations contained in this paragraph are conclusions of law which are denied.  ARM refers all questions of law to the Court.

**JURISDICTION AND VENUE**

2.      Denied.  The allegations contained in this paragraph are conclusions of law which are denied.  ARM refers all questions of law to the Court.

3.      Denied.  ARM denies that it conducts business in the Commonwealth of Pennsylvania, except and exclusively through the means of interstate commerce.  The remaining allegations of this paragraph constitute

1

conclusions of law to which are denied.  ARM refers all questions of law to the Court.

4. Denied.  The allegations contained in this paragraph are conclusions of law which are denied.  ARM refers all questions of law to the Court.

5. Denied.  ARM denies that declaratory relief is available under the FDCPA, even by means of circumventing the FDCPA through the utilization of the Federal Declaratory Judgment Act, 28 U.S.C. §§2201-02 (1976).

## ANSWER TO PARTIES

6. Admitted.  ARM admits, on information and belief, that Plaintiff is a natural person residing in Wyncote, Pennsylvania.

7. Denied.  The allegations contained in this paragraph are conclusions of law which are denied.  ARM refers all questions of law to the Court.

8. Admitted in part and denied in part.  ARM admits that it collects on delinquent debt obligations owed to another and that it maintains an office located at the address set forth in this paragraph.  Unless otherwise admitted, ARM denies the allegations in this paragraph.

9. Denied.  The allegations contained in this paragraph are conclusions of law which are denied.  ARM refers all questions of law to the Court.

10. Admitted in part and denied in part.  ARM admits that it acts through its employees in the course of its efforts to collect on valid and

delinquent debt obligations owed to another. Unless otherwise admitted, ARM denies the allegations in this paragraph.

## ANSWER TO FACTUAL ALLEGATIONS

11. Admitted in part and denied in part. ARM admits and its records reflect that on November 10, 2009 it began to call Plaintiff in regard to Plaintiff's valid and delinquent debt. Unless otherwise admitted, ARM denies the allegations in this paragraph.

12. Denied. ARM lacks sufficient information or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations.

13. Admitted in part and denied in part. ARM admits and its records reflect that it called Plaintiff between November 10, 2009 and January of 2010 in regard to Plaintiff's valid and delinquent debt obligation. It is denied that Exhibit "A" constitutes Plaintiff's phone records as Defendant is unable to verify the authenticity of the Exhibit. Unless otherwise admitted, ARM denies the allegations in this paragraph.

14. Denied as stated. ARM's records reflect that it called Plaintiff on November 10, 2009 in regard to Plaintiff's valid and delinquent debt. However, ARM did not make contact with Plaintiff on November 10, 2009 as its phone calls to Plaintiff went unanswered. ARM denies that it contacted Plaintiff on November 11, 2009 or that it contacted Plaintiff on November 18, 2009 and a factual basis for these allegations is demanded of Plaintiff. ARM denies the allegations in this paragraph.

15. Denied as stated. ARM's records reflect that it called Plaintiff three times on December 9, 2009 in regard to Plaintiff's valid and delinquent debt obligation. However, ARM did not make contact with Plaintiff on December 9, 2009 as its telephone calls to Plaintiff went unanswered. ARM denies the allegations in this paragraph.

16. Denied. ARM denies and its records reflect that it did not contact Plaintiff six times on January 10, 2010 and that it did not contact Plaintiff three times on January 11, 2010. A factual basis for the allegations in this paragraph is demanded of Plaintiff.

17. Denied. ARM lacks sufficient information or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations.

18. Denied. A factual basis for the conclusory allegations in this paragraph is demanded of Plaintiff.

## ANSWER TO CONSTRUCTION OF APPLICABLE LAW

19. Denied. The allegations contained in this paragraph are conclusions of law which are denied. ARM refers all questions of law to the Court.

20. Denied. The allegations contained in this paragraph are conclusions of law which are denied. ARM refers all questions of law to the Court.

21. Denied. The allegations contained in this paragraph are conclusions of law which are denied. ARM refers all questions of law to the Court.

## ANSWER TO COUNT I

22. Denied. The allegations contained in this paragraph and its subparts are conclusions of law which are denied. ARM refers all questions of law to the Court.

## ANSWER TO JURY DEMAND

Admitted in part and denied in part. ARM admits that Plaintiff demands a jury trial in this case. ARM denies that Plaintiff has a right to a jury trial in the absence of any viable claims.

**WHEREFORE**, Defendant, Accounts Receivable Management, Inc., respectfully requests that this Answer be deemed good and sufficient, that Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's cost, and that, pursuant to federal law, Plaintiff be ordered to pay reasonable attorney's fees and costs incurred by ARM.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

§1692d(5) of the FDCPA can only be violated where a debt collector causes a telephone to ring repeatedly "...with intent to annoy, abuse, or harass" the debtor.  Even if ARM made multiple calls to Ms. Lewis on a single day in an attempt to contact her, which could be deemed as "repetitive", the intent of ARM was to contact Plaintiff in connection with her debt obligation and not to annoy, abuse or harass Ms. Lewis and thus §1692d(5) of the FDCPA has not been violated in this matter.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to provide any facts in her Complaint to support her assertion that ARM violated §1692f of the FDCPA by using unfair or unconscionable means to collect the debt.

**FOURTH AFFIRMATIVE DEFENSE**

Any violation of the FDCPA, which ARM denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff suffered no damage from the alleged violations by ARM and therefore is not entitled to any award of damages, attorney's fees or costs.

**SIXTH AFFIRMATIVE DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which ARM denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of ARM.

**SEVENTH AFFIRMATIVE DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which ARM denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any claim of damages against ARM.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that plaintiff has somehow incurred actual damages as a result of the alleged conduct ARM and to the extent that such damages were incurred as a result of a violation of the FDCPA, ARM is entitled to a set off as to any settlement or judgment in the related matters Lewis v. AFNI, Inc.. et al, 2:10-cv-00819-PD; Lewis v. Portfolio Recovery Associates, Inc., 2:10-cv-01903-ER; and Lewis v. Innovative Consultants, LLC, 2:10-cv-02519-JCJ, with respect to actual damages to avoid cumulative recovery.

**NINTH AFFIRMATIVE DEFENSE**

Declaratory relief is unavailable to private litigants for claims premised on the FDCPA. See Weiss v. Regal Collections, 385 F.3d 337, 341-42 (3d Cir. 2004). Additionally, plaintiff seeks declaratory relief premised on the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 (1976), to circumvent the purposeful exclusion of declaratory relief under the FDPCA, and plaintiff's attempt to seek declaratory or injunctive relief should be dismissed or withdrawn. See Weiss, supra., and see Sibley v. Fulton Dekalb Collection Service, 677 F.2d 830, 834 (11th Cir. 1982)("The thrust of the [FDCPA] is prevention of harassment and abuse as well as false, deceptive or misleading

practices.... equitable relief is not available to an individual under the civil liability section of the Act").

Additionally, The U.S. District Court for the Central District of Illinois thoroughly analyzed this issue in <u>Zanni v. Lippold</u>, <u>119 F.R.D. 32, 33</u> (D. Ill. 1988) as follows:

> In <u>Duran v. Credit Bureau of Yuma</u>, 93 F.R.D. 607 (D. Ariz. 1982), the court held that it was without jurisdiction to grant injunctive relief to a consumer aggrieved by a debt collector's failure to comply with the requirements of the Fair Debt Collection Practices Act (FDCPA). That view is supported by the language of the FDCPA, . . . . by the Act's legislative history; by a comparison of the Act with other consumer protection statutes and cases which have specifically ruled that comparable civil liability or enforcement provisions should be narrowly construed. Id. at 608 (footnotes omitted). Similarly, in <u>Strong v. National Credit Management Co</u>., 600 F. Supp. 46 (E.D. Ark. 1984), the court stated: "The FDCPA specifically authorizes the Federal Trade Commission (FTC) to seek injunctive relief (15 U.S.C. § 1692) and defendant persuasively argues that this is a strong indication of Congress' intent to limit private actions to damage claims." Thus, the Court held no private action for injunctive relief lies under the statute. Finally, we consider the Act's legislative history. The Senate Report on the FDCPA, S. Rep. No. 382, 95th Cong., 2d Sess. 5, *reprinted in* 1977 U.S. Code Cong. & Ad. News 1695, 1699-1700, sets out detailed civil liability penalties. These penalties, however, are neatly divided according to who is bringing the action. Consumers are allowed "actual damages . . . as well as any additional damages the court deems appropriate, not exceeding $1,000." Significantly, the report does not say "as well as any additional *relief* the court deems appropriate." Clearly, Congress was allowing only for monetary damages where private parties were concerned. Conversely, in the following section of the report, entitled "Administrative enforcement," the report states: "The Federal Trade Commission is authorized to treat violations of the act as violations of a trade regulation rule, which empowers the Commission to obtain restraining orders and seek fines in federal district court." Thus, Congress did provide for injunctive relief under the Act, but reserved its availability to the FTC. Undoubtedly, there was a conscious decision made by Congress to divide the available relief. We will not upset Congress' decision.

Therefore, plaintiff's efforts to seek declaratory relief by circumventing the FDCPA through application of the Federal Declaratory Judgment Act, as expressed in ¶5, fail as a matter of law and should be withdrawn, stricken or dismissed.

### TENTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead a violation of the FDCPA, her entitlement to statutory damages is <u>capped</u> at $1,000 per action, <u>not</u> per violation.  See <u>Goodmann v. Peoples Bank, et al.</u>, 209 Fed. Appx. 111 (3d Cir. 2006); <u>Brown v. Law Offices of Butterfield</u>, U.S. Dist. LEXIS 9822 (E.D. Pa. 2004); <u>Dowling v. Kucker Kraus & Bruh, LLP</u>, 2005 U.S. Dist. LEXIS 1100 (S.D. NY. 2005); <u>Mann v. Acclaim Fin Servs</u>, 348 F. Supp. 2d 923 (S.D. Ohio 2004); <u>Ganske v. Checkrite Limited</u>, 1997 U.S. Dist. LEXIS 4345 (D. Wis. 1997); <u>Wright v. Finance Service of Norwalk, Inc.</u>, 22 F. 3d 647 (6th Cir. 1994); <u>Harper v. Better Business Services, Inc.</u>, 961 F.2d 1561 (11th Cir. 1992); <u>Donahue v. NFS, Inc.</u>, 781 F. Supp. 188 (W.D.N.Y. 1991); <u>Wiener v. Bloomfield</u>, 901 F. Supp. 771 (S.D.N.Y. 1995); <u>Teng v. Metropolitan Retail Recovery</u>, 851 F. Supp. 61 (E.D.N.Y. 1994); <u>Beattie v. D.M. Collections, Inc.</u>, 764 F. Supp. 925 (D. Del. 1991); and <u>Harvey v. United Adjusters</u>, 509 F. Supp 1218 (D. Or. 1981).  Therefore, Plaintiff's prayer for relief, to the extent that it improperly seeks recovery of statutory damages on a per violation basis should be stricken or withdrawn.  <u>See</u> Prayer for Relief, b.

**WHEREFORE**, Defendant, Accounts Receivable Management, Inc., respectfully requests this Honorable Court to enter a judgment in its favor dismissing Plaintiff's Complaint and any and all other relief as the Court deems is just and equitable.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By: /s/ Ronald M. Metcho / rmm5150
RONALD M. METCHO, ESQUIRE
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
(215) 575-2595 / (215) 575-0856 (f)
rmmetcho@mdwcg.com

Andrew M. Schwartz, Esq.
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
(215) 575-2765 / (215) 575-0856 (f)
Amschwartz@mdwcg.com

Attorneys for Defendant Accounts Receivable Management, Inc.

Dated: July 19. 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TRACEY LEWIS**<br><br>　　　　　Plaintiff,<br>　vs.<br><br>**ACCOUNTS RECEIVABLE MANAGEMENT, INC.**<br><br><br>　　　　　Defendant. | Civil Action No.<br><br>**2:10-cv-02266-LDD** |

**CERTIFICATE OF SERVICE**

　　I, Ronald M. Metcho, Esquire, do hereby certify that a true and correct copy of Defendant Accounts Receivable Management, Inc.'s. Answer to Plaintiff's Complaint with Affirmative Defenses was served upon counsel for Plaintiff by ECF on **July 19, 2010**.

　　　　　　　　　　　　　　By:　/s/ Ronald M. Metcho / rmm5150
　　　　　　　　　　　　　　　　　RONALD M. METCHO, ESQUIRE
　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　Accounts Receivable Management, Inc.